# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICKEY NELSON SAWYERS,     :     CIVIL NO. 3:12-CV-1395

     Plaintiff,     :     (Judge Mariani)

     v.     :

DOMINICK DEROSE,     :

LEONARD CARROLL and     :

ELIZABETH NICHOLS,     :

     Defendants     :

**FILED
SCRANTON**

AUG 0 7 2012

PER _____ DEPUTY CLERK

## MEMORANDUM

Plaintiff Rickey Nelson Sawyers ("Plaintiff" or "Sawyers"), an inmate presently confined at the Dauphin County Prison in Harrisburg, Pennsylvania, initiated the above action pro se by filing a civil rights Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.) He has filed a Motion for leave to proceed in forma pauperis in this matter (Doc. 2), and thus, the Complaint is before the Court for screening under the provisions of 28 U.S.C. § 1915. We shall grant Sawyers' request for in forma pauperis status, and, for the reasons set forth below, we shall direct him to file an amended complaint within fourteen (14) days.

## I.   Allegations of the Complaint

In his Complaint, filed on July 19, 2012, Sawyers names the following Defendants: Dominick DeRose, Leonard Carroll, Elizabeth Nichols, Joann Cryder, Jason Kane Manwhaler, Sergeant Lou, and two unknown officers. (Doc. 1 at 1, 2 § III.) The only Defendant for whom Sawyers provides additional identifying information is Cryder, who is identified as a correctional officer at Dauphin County Prison.

Sawyers' Complaint contains allegations concerning events that allegedly occurred on April

30, 2012 and June 22, 2012.  He alleges that "on 4-30-12 prison officer Joann Cryder refuses to feed me everytime she works the P3 unit inside of Dauphin County where I am presently confined." (Doc. 1 at 2 § IV. ¶ 1.)  Sawyers alleges that Cryder refuses to feed him because she believes Sawyers assaulted another prison guard even though Sawyers was tried and acquitted of all charges. (Id. ¶ 2.)  He further alleges that, "Officer Joann Cryder brought criminal charges against me for an alleged assault that never took place."  (Id. at 3.)  He alleges that, "on the day in question"[1], Cryder brought one food tray to his cell and ordered him to step away from the cell because the food tray was for Sawyers' cellmate. (Id.)  Sawyers asked Cryder if he could please eat, and she told him he "would eat when she felt it was time and today wasn't that time."  (Id.) Sawyers alleges that he "reached for the tray grabbing it out of the officer['s] hand.  This is how she claims I assaulted her." (Id.)  Sawyers alleges that the camera will show that he did not assault Cryder. (Id.)  He claims that Cryder pressed charges against him to get revenge. (Id.)

Sawyers then alleges that, shortly thereafter, several other officers came to his cell to take him to a housing unit within the prison called "Super-Seg." (Id. at 4.)  He alleges that the officers "smashed my head against the wall, punched, kicked me in the buttocks with the[ir] boots" and that one of the officers spit on him. (Id.)  He further alleges that the officers placed him in a restraint chair and "took turns punching, kicking me this time resulting in the chipping of my tooth." (Id.)

---

[1]It appears from Sawyers' reference to April 30, 2012 at the outset of his Statement of Claim that "the day in question" is April 30, 2012.  However, to the extent this is not the case, Sawyers will have the opportunity to clarify the date in his amended pleading.

Sawyers alleges that the officers refused to allow the medical staff to treat him for his resulting injuries, including "bruises and face bleeds." (Id.) He also claims that they denied him a shower, but they took his "blood stained clothing" to hide any evidence that he was bleeding. (Id.) He alleges that the officers violated his civil rights, and "this is the reason I am bringing this civil action against these individuals." (Id.) He further states that he contacted the Dauphin County District Attorney's Office to file a criminal complaint against Cryder for "filing a bogus, fraudulent, and clearly manufactured criminal complaint against me." (Id.) He alleges that Cryder and the other officers used the filing of criminal charges against him "as a personal tool of revenge." (Id.)

Sawyers also alleges that, on June 22, 2012, Dauphin County Prison Guard Tim Brown . approached him to let him know that he was about to get a cellmate "who was going to shut my mouth permanently." (Id. at 5.) Sawyers explains that, several days prior, he and Brown had a "verbal exchange" when Sawyers called Brown "a lazy mother fucker" after Brown refused to bring him some toilet paper. (Id.) Sawyers alleges that, on June 22, several minutes after Brown advised him that his new cellmate would be coming, Brown and two other officers brought in the new cellmate, who started punching Sawyers. (Id.) Sawyers alleges that one of the officers put him in a chokehold so that the cellmate could punch him continuously in the face and body. (Id.) Sawyers alleges that Brown and the other officers on duty "set this fight up." (Id.)

As relief, Sawyers requests monetary damages. (Id. at 6 § V.)

3

## II.   Discussion

Sawyers' Complaint contains deficiencies that he will be given the opportunity to correct in an amended complaint.  Specifically, the Complaint fails to allege sufficient personal involvement as to the named Defendants, except Cryder and the two unknown correctional officers, and the Complaint is in violation of the requirements of Federal Rule of Civil Procedure 20.

Civil rights claims cannot be premised on a theory of respondeat superior.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).  In his Complaint, Sawyers makes specific allegations against Defendant Cryder and against "two other officers" who were involved in the alleged assault that occurred on June 22, 2012. (See Doc. 1 at 2-3, 5.)  However, he fails to make any specific factual allegations against the other Defendants he has named, Dominick DeRose, Leonard Carroll, Elizabeth Nichols, Jason Kane Manwhaler, and Sergeant Lou.  He also has failed to sufficiently identify them in that he has not identified their official positions and place of employment.  As such, he fails to allege how they are personally involved in any wrongdoing against him, and the claims against these Defendants are subject to dismissal if Sawyers fails to submit an amended pleading.  We also observe that Sawyers makes allegations against Prison Guard Tim Brown (see id. at 5), but he has not named Brown as a Defendant to this action.

We also observe that Sawyers' Complaint includes allegations concerning unrelated events

4

that took place on two separate occasions (April 30, 2012 and June 22, 2012) against multiple

Defendants.  Federal Rule of Civil Procedure 20 states in pertinent part, as follows:

(a) **Persons Who May Join or Be Joined.**
. . .
**(2) Defendants.**  Persons . . . may be joined in one action as defendants if:
(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Sawyers' Complaint does not contain any allegations that indicate that

his claims for relief stemming from the occurrences on April 30 and June 22 are related in any way

or that a question of law or fact common to Defendants will arise in this action.

Having noted these deficiencies, in the interests of justice to Sawyers as a pro se litigant,

see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), he will be granted the opportunity to file an

amended complaint in this action within twenty-one (21) days.

Sawyers is advised that any amended complaint he chooses to file should contain the same

docket number as the instant action and should be labeled "Amended Complaint."

In preparing an amended complaint, Sawyers is advised that he must comply with the

Federal Rules of Civil Procedure.  In addition, the "amended complaint must be complete in all

respects.  It must be a new pleading which stands by itself as an adequate complaint without

reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa.

1992).

In particular, we alert Sawyers to the text of Fed. R. Civ. P. 8, which requires him to set forth at least a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed him.  In this regard, it is insufficient for Sawyers to simply provide a list of defendants; he must provide factual allegations with respect to each defendant within his statement of claim in his amended complaint.

We also draw Sawyers's attention to the text of Fed. R. Civ. P. 10(b), which requires him to set forth his claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  Thus, if Sawyers makes use of the civil rights complaint form to file his amended pleading, he should set forth his claims and supporting facts in the separate numbered paragraphs in Section IV of the form entitled, "Statement of Claim".  If there is insufficient space to set forth his claims and supporting facts on the form, he should attach extra sheets and clearly identify the paragraphs that are being continued on the extra sheets.

Sawyers also is reminded that any amended complaint he may file supercedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. Local Rule 15.1.  Consequently, all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.

Further, Sawyers is strictly cautioned that the amended complaint must comply with Fed. R. Civ. P. 20 in that it must involve only related claims or parties.  This compliance is mandated by the Prison Litigation Reform Act of 1995 ("PLRA"), pursuant to which the full filing fee ultimately must be paid in a non-habeas action.  As another Member of this Court observed in Mincy v. Klem,

2007 WL 1576444, at *1 (M.D. Pa. May 30, 2007) (Conner, J.), allowing a prisoner to include numerous separate, independent claims in one civil action would circumvent the filing fee requirements of the PLRA.  Thus, where a plaintiff believes that he has been subjected to more than one violation of his rights, and where these violations are unrelated to each other, he will be required to pursue relief for these violations in *separately filed* civil rights actions.  Sawyers may not proceed on unrelated claims against multiple Defendants within one civil rights action.

Finally, consistent with our discussion of the deficiencies of the Complaint set forth above, Sawyers' failure to file an amended pleading within the required time may result in the dismissal of this action against the Defendants against whom he has failed to make specific factual allegations.

An appropriate Order follows.

August 7 , 2012

Robert D. Mariani
United States District Judge